STANLEY DEES *et al.* Appellees, *vs.* ALBERT CHEUVRONTS *et al.* Appellants.

*Opinion filed June 16, 1909.*

1. DEEDS—*when interest retained by grantor is a mere expectancy.* A deed conveying to school trustees a tract of land to be used for a school house site but when it shall cease to be used for such purpose the land shall revert to the grantors, passes a base or determinable fee to the grantees with a possibility of reverter to the grantor, which, though it will descend to the grantor's heirs, is incapable of alienation or devise and is a mere expectancy.

2. INJUNCTION—*equity will not enjoin drilling for oil to protect a mere expectancy.* Persons having a mere possibility of reverter in case land held by school trustees for a school site shall cease to be used for such purpose cannot maintain a bill to enjoin the lessees of the school authorities from drilling for oil or gas on the land, where it is not claimed that the land has ceased to be used as a school site or that the acts of the lessees will interfere with such use, but only that the drilling for oil or gas, and the removal thereof, will result in irremediable injury to the land and the possible reversion.

APPEAL from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN, Judge, presiding.

This was a bill for injunction filed to the March term, 1908, of the circuit court of Crawford county by appellees, to restrain the appellants, their agents, servants, employees, successors and assigns, from drilling for oil or gas on one acre of land situated in the south-west corner of the southeast quarter of the south-west quarter of section 21, township 7, north, range 13, west, in said county. The bill as finally amended was demurred to by appellants, and on a hearing before the court the demurrer was overruled, whereupon the appellants elected to abide by their demurrer and announced that they would not further plead or answer to the amended bill of complaint. A decree was thereafter entered restraining the appellants, in accordance with the prayer of the bill, from drilling or prospecting for oil on said land. From this decree an appeal was prayed and allowed to the Appellate Court for the Fourth District. That court has transferred the case to this court on the ground that a freehold is involved.

From the facts set out in the bill it appears that Daniel G. Dees and Viola Dees conveyed by warranty deed to the school trustees of said township, November 5, 1878, a certain described one-fourth of an acre of land, "so long as is kep for school perpesis hold said possession in the school trustees after it is not use said perpice is to come to said Daniel G. Dees or his heirs or assigns." The same grantors gave to the same grantees a quit-claim deed May 3, 1892, to one acre in the south-west corner of said quarter-quarter section, stating therein: "This deed made to the trustees of schools so long as it shall be used as a school house site, and whenever it shall be discontinued as a school house site then to revert to the grantors." It is agreed that this last named acre included within its boundaries the one-fourth of an acre conveyed in the former deed. The bill

set forth that since the execution of said deeds the property has been held by the school trustees and used for the purposes provided in said deeds; that on May 3, 1902, the school directors of school district No. 7, (which includes said land,) and the said school trustees of said township, signed a lease with C. F. Kimmel, one of the appellants, under which Kimmel claims the right to go upon said land and drill for and remove oil and gas; that the drilling for oil and the removal of the same from said tract of land is not the using of said land for the purpose for which it was granted to said school trustees, and would result in irrevocable injury to said land and to the possible reversion of appellees. The bill further discloses that Viola Dees, the wife of the grantor in said deeds, is still living and is one of the appellees, and the other appellees are the children and heirs of said Daniel G. Dees, deceased, the original grantor in said deeds.

PARKER & NEWLIN, and GOLDEN, SCHOLFIELD & SCHOLFIELD, for appellants:

A naked possibility that lands may revert to the grantor on the dissolution of a corporation to which he deeds them is not an interest which such grantor can pass by will. *Presbyterian Church* v. *Venable,* 159 Ill. 215.

The opening of a coal mine by the owners of a base fee in the property and the leasing of the mining privilege for a royalty is not equitable waste which may be enjoined by the executory devisee, whose interest is but an expectancy, depending upon the contingency of the owners' death without issue. *Gannon* v. *Peterson,* 193 Ill. 372.

There is no way in which a court of equity, in its ordinary jurisdiction, can protect a mere expectancy. *Eifer* v. *Allen,* 228 Ill. 521.

The estate taken by the trustees was a fee, because it was to continue in the school trustees as long as the land was devoted to the specified uses, which might be forever,

but as it might end upon the happening of an event it is what is usually called a determinable or qualified fee. *Universalist Church* v. *Boland,* 155 Mass. 171.

A possibility of reverter denotes no estate, but, as the name implies, only the possibility to have an estate at a future time. Challis on Real Prop. 63.

EAGLETON & WESNER, for appellees:

A right of entry for conditions open differs from a possibility of reverter in this: After the statute (of *Quia Emptores*) a feoffer, by the feoffment, substituted the feoffee for himself, as the lord's tenant. By entry for breach of condition he avoided the substitution and placed himself in the same position to the lord which he had formerly occupied. The right to enter was not a reversionary right, coming into effect on the termination of an estate, but was the right to substitute the estate of the grantor for the estate of the grantee. A possibility of reverter, on the other hand, did not work the substitution of one estate for another, but was essentially a reversionary interest,—a returning of the land to the lord of whom it was held, because the tenant's estate had determined. Kales on Future Interests, sec. 1.

If there is a provision in a deed that the right of the grantee shall cease when the land ceases to be used for the purpose granted, upon the land ceasing to be used for the purpose granted the land reverts to the grantor or his assigns. *Railroad Co.* v. *Clapp,* 201 Ill. 418; *Helm* v. *Webster,* 85 id. 116.

The conditions as expressed in the deed are plain and unambiguous. Parties have the right to make deeds and insert therein such conditions as they see fit, and contracts entered into freely and voluntarily must be held sacred and enforced by the court. *Wakefield* v. *VanTassell,* 202 Ill. 41; *Frye* v. *Partridge,* 82 id. 267.

Equity will enjoin where land granted for school purposes is advertised to be sold, to be used for other than school purposes. *Trustees of Schools* v. *Braner*, 71 Ill. 546.

The defendant took the land subject to the condition, and may be enjoined by anyone having an interest. *Hays* v. *St. Paul's M. E. Church*, 196 Ill. 633; *Frye* v. *Partridge*, 82 id. 267.

. Where no estate is mentioned in the granting clause, then the *habendum* becomes efficient to declare the intention. *Riggin* v. *Love*, 72 Ill. 553; *Welch* v. *Welch*, 183 id. 237; *Cover* v. *James*, 217 id. 309.

Equity will interfere when officers assume powers over property which do not belong to them and infringe upon and violate the rights of citizens under pretense of such assumed authority. High on Injunctions, (4th ed.) sec. 1309.

School directors can exercise no powers than those expressly granted. *School Directors* v. *Fogleman*, 76 Ill. 189.

Mr. Justice Carter delivered the opinion of the court:

The first question presented for consideration is the nature of the interest that appellees have in this land. The deeds in question created in the grantees a base or determinable fee, and the only right left in the grantor was not a vested future estate in fee, but only what is called "a naked possibility of reverter, which is incapable of alienation or devise, although it descends to his heirs." (*North* v. *Graham*, 235 Ill. 178; *Presbyterian Church* v. *Venable*, 159 id. 215; *O'Donnell* v. *Robson*, 239 id. 634.) Under these decisions it must be held to be the settled law of this State that the interest of appellees in the land in question was only a possibility of reverter. It then remains for us to consider whether this was such an interest as entitles the appellees to the relief prayed for and allowed in the trial court.

It is not alleged in the bill or contended in the brief that the land in question is not still used as a school house site,

or that the exercise of the right granted by the lease to Kimmel to go on said land and drill for oil would in any way interfere with such use of the land. Apparently appellees have not filed their bill for the purpose of having this base fee determined by the court on the ground that it had been defeated by non-compliance with the conditions in the said deed. Appellees seek rather through a court of equity to direct said school trustees and directors as to the use of said property. On this record it must be held that the land is still used for the purposes set out in the deeds and that the title to the estate granted by said deeds is still held by the trustees of schools. This court, in *Gannon* v. *Peterson,* 193 Ill. 372, stated that equity would interfere to enjoin equitable waste by the owner of a base or determinable fee only when it is made to appear that the contingency which will determine the fee is reasonably certain to happen and the waste is of such character that a court of equity can say that the party is charged with a wanton and conscienceless use of his rights, and we there held that equity would not enjoin the owner of a base fee from leasing coal mining privileges. The doctrine laid down in that case was re-affirmed in *Fifer* v. *Allen,* 228 Ill. 507.

We are compelled to hold that appellees have shown no present estate in the land,—nothing but an expectancy; a mere possibility of reverter; a right not now capable of being valued. No estate is vested in appellees and none may ever vest. A court of equity, in its ordinary jurisdiction, cannot protect a mere expectancy.

The decree of the circuit court is reversed and the cause remanded to that court, with directions to enter a decree dismissing the bill.

*Reversed and remanded, with directions.*