RICHARD LATHAM et al. Appellees, vs. THE ILLINOIS CEN-
TRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1911—Rehearing denied Feb. 9, 1912.*

1. DEEDS—*conditions subsequent are not favored but are law-
ful if not opposed to public policy.* Conditions subsequent are not
favored in law and courts incline against them in case of doubt,
but if the intention to create such an estate is clear and the re-
strictions are not opposed to public policy, courts will give effect
to and enforce them.

2. SAME—*when a deed to land for depot sites is upon condi-
tion subsequent.* Where a deed to lots recites that it is made in
consideration of the location, erection and maintenance, for all
time to come, of a passenger depot and a freight depot, and for
the "uses and purposes hereinafter mentioned and for none other,"
following which is a description of the premises, a recital that the
lots are conveyed for "railroad purposes only," a covenant to erect
the depots, a provision for reverter of title in case of non-user,
and an *habendum* clause reciting that the grantee, its successors
and assigns, shall hold the premises subject "to all conditions,
covenants, agreements and limitations in this deed expressed," the
estate created is upon condition subsequent, and if the depots are
not built or are removed the title reverts.

3. SAME—*what does not show that there has been no breach of
condition subsequent.* In ejectment against a railroad company,
where the plaintiff claims that the title has reverted because of a
breach of a condition requiring the company to forever maintain
a passenger depot on the lot, testimony, based largely upon hear-
say, designed to show that the company was contemplating the
erection of another passenger depot on the lot to replace the one
it had removed some five years before the suit was brought, does
not show that there has been no breach of the condition.

4. SAME—*when conditions in deed are not personal to grantee.*
Where a deed to a railroad company recites that the grantee, its
"successors and assigns," takes the estate granted subject "to all
the conditions, covenants, agreements and limitations in this deed
expressed," a condition in the deed requiring the grantee to erect
and forever maintain passenger and freight depots on the lots is
not merely personal to the grantee but is in the nature of a cove-
nant running with the land, and where the deed is duly recorded
the grantee's successors and assigns have notice of the condition
and are bound thereby, notwithstanding the depots were not in
existence when the deed was made but were to be constructed in
the future.

APPEAL from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

C. EVERETT SMITH, (JOHN G. DRENNAN, of counsel,) for appellant.

BEACH & TRAPP, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an action of ejectment brought by the appellees against appellant to recover two tracts of land in the city of Lincoln, Illinois, particularly described in the declaration by metes and bounds. Said premises are designated in the briefs as tract 1 and tract 2, and for convenience will hereafter be so designated in this opinion. In 1872 Robert B. Latham and wife, and John Wyatt, a widower, all of the city of Lincoln, conveyed to the Indianapolis, Bloomington and Western Railway Company the premises in controversy for railroad purposes, tract 1 to be used for the erection and maintenance thereon of a passenger depot and tract 2 for a freight depot. The deed is a lengthy instrument, setting out the terms, conditions and agreements upon which it is made, and provides that in case of the non-user of the premises for the uses and purposes mentioned in the deed, the title to the premises should revert to the grantors, their heirs, executors, administrators and assigns. The appellees, who were plaintiffs below, are the heirs and successors in title of the grantors in that deed. Appellant has succeeded to the rights, franchises and property of the grantee in said deed. No freight depot was ever erected on tract 2. A passenger depot was erected and maintained on tract 1 for several years. About the same time that appellant succeeded the Indianapolis, Bloomington and Western Railway Company in the management and operation of its line of railroad, it also acquired the Peoria, Decatur and Evansville railway, which crosses the former line in the city of

Lincoln. Prior to 1904 there were depots in the city of Lincoln on both these railroads. The depot of what was formerly the Indianapolis, Bloomington and Western railway, and which was on tract 1 of the premises in controversy, was within about three blocks of the court house in the city of Lincoln. The depot of the other railroad was something over a mile distant from the public square. In 1904 the depot on what was formerly the Peoria, Decatur and Evansville railway burned, and thereupon the appellant moved the depot from tract 1 to the site of the depot that had burned down. Since then it has never erected or maintained a passenger depot on tract 1. The appellees contend that the conveyance to the railroad company was upon a condition subsequent, and that by reason of the failure of the railroad company to erect a freight depot on tract 2 and the removal by it of the depot from tract 1, and the failure to maintain a passenger depot upon said tract as provided for in the deed, the title to the premises reverted to appellees. This suit was begun by appellees to recover the premises, at the January term, 1909. There was a trial before the court without a jury, resulting in a judgment in favor of appellees. Appellant paid the costs and was granted a new trial under the statute. The second trial was before the court without a jury and also resulted in a judgment for appellees, from which this appeal is prosecuted.

Appellant contends (1) that the premises in controversy were conveyed for railroad purposes and that the provisions in the deed with reference to the maintenance of depots is a covenant, and that there can be no forfeiture until appellant fails to use the premises for railroad purposes; (2) that there has been no abandonment of the premises for depot purposes, that the removal of the depot from tract 1 was temporary, and, if the deed is to be construed as appellees contend for, there has been no substantial breach of the condition; (3) that the depot not being in existence when the deed was made but was agreed to be

constructed in the future, even if the conveyance was upon a condition, it does not bind appellant, the successor of the grantee in the deed.

The deed is a very lengthy instrument, and we deem it necessary to set out only the substance of the parts material to a decision of this controversy.

The Indianapolis, Bloomington and Western Railway Company is the grantee in the deed. The deed recites that it is made in consideration of the advantages and conveniences which may or will result to the grantors from the construction and operation of the railroad as located and surveyed, and in consideration of the location, erection and maintenance, for all time to come, of a passenger depot and a freight depot upon the premises thereinafter described; also in consideration of the faithful performance by the grantee of the covenants and agreements thereinafter mentioned and a consideration of one dollar. The deed recites that it is made to the grantee, "their successors and assigns forever, for the uses and purposes hereinafter mentioned, and for none other." Then follows a description of the premises, after which the deed recites that the premises are conveyed to the grantee for "railroad purposes only," and that by the acceptance of the deed the grantee covenants and agrees with the grantors that it will erect and maintain a suitable passenger depot on that part of the premises designated as tract 1, and that it shall not have the right to erect any other buildings on said tract except such other buildings as may be necessary for the accommodation and convenience of passengers and passenger traffic, the intention of the grantors being that said tract shall be devoted exclusively to the accommodation of passengers and passenger traffic. The grantee also covenants and agrees with grantors to erect and maintain a suitable and sufficient freight depot, and further covenants and agrees "that in case of non-user of said premises so conveyed for the uses and purposes aforesaid, that then and in that case the title to

said premises shall revert back to said parties of the first part, [grantors,] their heirs, executors, administrators and assigns." The *habendum* clause recites that the grantee, its successors and assigns, are to have and hold the premises forever, "subject, nevertheless, to all the conditions, covenants, agreements and limitations in this deed expressed," and further recites that the user of the premises for twenty years or more shall not impair or abridge any of the conditions of the deed or be construed as a limitation upon any of the rights of the grantors, their heirs and assigns.

While conditions subsequent are not favored in law and in case of doubt courts incline against such estate, yet where the restrictions are not opposed to public policy it is lawful to create such estates, and where the intention is clear that such an estate was intended, courts will give effect to and enforce them. (*Star Brewery Co.* v. *Primas,* 163 Ill. 652; *Eckhart* v. *Irons,* 128 id. 568; *Lyman* v. *Suburban Railroad Co.* 190 id. 320; 2 Elliott on Railroads, sec. 939; *C., C., C. and I. Ry. Co.* v. *Coburn,* 91 Ind. 557; *Horner* v. *Chicago, Milwaukee and St. Paul Railway Co.* 38 Wis. 165.) We think no other reasonable construction can be placed upon the deed here in question than that it created an estate in the grantee upon condition subsequent. The grantors expected to receive benefits to other property owned by them from the construction of the road and the erection and maintenance of depots upon the property in dispute. They therefore, without other consideration, donated or conveyed it to the grantee upon the faith of its undertaking and promise to keep and perform its agreements recited in the deed. The property was conveyed to the grantee for railroad purposes, but the particular railroad purposes were the erection and maintenance thereon of depots. The grantee accepted the conveyance upon the conditions named and agreed to erect and maintain the depots in accordance with the terms and conditions created in the deed. It was expressly stipulated in the deed

that in case the grantee failed to use the premises for the purpose for which they were conveyed the title would revert to the grantors or their heirs. Language, it seems to us, could not make it plainer that the grantee took an estate in the premises upon a condition subsequent, and upon a breach of the condition the title reverted.

Appellant's contention that the premises have not been abandoned for depot purposes and that there has therefore been no breach of the condition is based upon certain testimony as to its intentions, of witnesses offered by it. This testimony was heard subject to objection. W. S. Williams, trainmaster until 1910 and after that division superintendent, testified it was appellant's intention to build a new and better depot on tract 1, and that in the budgets of 1908-09 recommendation was made to the general officers of appellant for a depot, costing from $32,000 to $35,000, on the old site; that a former vice-president and general manager told witness the company would build a depot if not hindered by this litigation. This witness also testified that on three occasions in the years 1905 and 1906 the company erected temporary structures at the old site, in which they sold tickets to passengers who boarded trains at that place. This was done to accommodate passengers on excursions for a short distance, for which trains were run. The witness also testified that a freight train each way every day, to which a combination passenger and baggage coach was attached, was stopped at the old site to receive and discharge passengers but no tickets were sold there. Passengers boarding the train there were permitted to pay two cents fare on the train for passage to the depot. The land agent of the appellant testified that he had been designated by it to investigate the facts of this case; that he made inquiries of the superintendent and assistant to the president, who would have charge of such matters, and was told by the assistant to the president that the company desired to re-build the depot but had been interfered with by

this suit. Most of this evidence was wholly incompetent, but it entirely failed to show that there had been no breach of the conditions. *Lyman* v. *Suburban Railroad Co. supra; Gray* v. *Chicago, Milwaukee and St. Paul Railway Co.* 189 Ill. 400; *Hamel* v. *Minneapolis Railroad Co.* 97 Minn. 334; *City of East St. Louis* v. *Illinois Central Railroad Co.* 238 Ill. 296.

Lastly, it is contended that since the depots were not in existence when the deed was made but were agreed to be constructed in the future, the appellant, being the assignee of the grantee, and assignees and successors not being specifically mentioned in the deed, is not bound by the agreement of the grantee to construct the depots. The conditions in the deed were not merely personal to the grantee, but were, as said in *Lyman* v. *Suburban Railroad Co. supra,* in the nature of covenants running with the land. The deed recites that the grantee, its "successors and assigns," takes the estate granted, subject "to all the conditions, covenants, agreements and limitations in this deed expressed." The deed was duly recorded, and the appellant had notice, when it succeeded to the rights of the grantee, of the conditions upon which the title was held. The provisions of the deed are so different from those of the instrument creating the estate in *Emerson* v. *Simpson,* 43 N. H. 475, (82 Am. Dec. 168,) that the rules applied in that case cannot be applied in this case. To hold that the grantee in the deed could convey an estate to its successor or assign divested of the conditions upon which it held the estate, would be contrary to the plain language of the deed and unwarranted by any authority to which we have been referred or with which we are familiar.

The rulings of the court in holding and refusing propositions of law were in accordance with the views we have herein expressed, and in our opinion no error was committed in that respect.

The judgment is therefore affirmed.

*Judgment affirmed.*