(No. 34337.— )

FLORENCE I. BLACKERT, Appellee, *vs.* LAWRENCE DUGOSH
*et al.,* Appellants.

*Opinion filed September 20, 1957—Rehearing denied Nov. 19, 1957.*

CHARLES F. GRIMES, LEONARD HIGLEY, both of Chicago, and O'CONNOR & O'CONNOR, of Kewanee, for appellants.

HARPER ANDREWS, and CAMPBELL ANDREWS, both of Kewanee, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The plaintiff, Florence I. Blackert, filed suit in the circuit court of Henry County to set aside three deeds to a

½-acre tract, originally conveyed for school purposes, as a cloud upon her title. The defendants, Howard and Helen E. Rhoades and Lawrence Dugosh, appeal to this court from a decree cancelling the deeds. A freehold is involved.

The first of such deeds was from Lyman Stowell, the then owner of the whole east ½ of the northeast ¼ of section 9, township 18 north, range 5 east, to the school directors of District No. 1 and their successors in office "so long as said lot is used for school purposes." It was dated November 3, 1858, was filed for record in 1881 and contained the following description: "One-half acre of land in the East side of the East half of the Northeast Quarter (¼) of Section Nine (9) in Township Eighteen (18) North, and of Range Five (5) East. Commencing sixty-three rods from the Northeast corner of said lot and running West eight rods; thence South ten rods; thence East eight rods; thence North ten rods to the place of beginning, located in Henry County, Illinois."

The second deed, dated September 10, 1953, and filed for record March 8, 1954, was from the township school trustees to the defendant Dugosh, with a land description identical with the first. The third deed, dated March 20, 1954, and filed for record March 23, 1954, was from Dugosh to the defendants Howard Rhoades and Helen E. Rhoades. The description in the latter deed commenced at a point on the east line of the northeast ¼, 63 rods south of the northeast corner thereof, and then continued with the same metes and bounds description as the first two deeds.

The plaintiff claims ownership of the whole of said east ½ of the northeast ¼ from the original owner, Stowell, by mesne conveyances, none of which excepted the school tract. Her complaint was amended, before judgment, by adding an alternative allegation that the Stowell deed created a mere easement and that the two subsequent deeds were

ineffective since the trustees had no interest to convey. She also added count II praying for ejectment.

The trial court entered a decree cancelling the deeds, dismissed the counterclaim of the Rhoadeses for injunctive relief, gave the defendants 30 days to remove the schoolhouse and outbuildings and assessed the costs against the defendants.

While we have grave doubts as to the right of the plaintiff to maintain this action at all, first, because of her lack of legal possession of the ½-acre tract and, second, because a possibility of reverter is not alienable, we think the case should be decided on grounds which afford defendants affirmative relief.

The real question is the intention of the parties as expressed in the first two deeds. An examination of the Stowell deed clearly places the school tract in the east ½ of the northeast ¼ by the use of the words "in the east side." The same words are strongly indicative of an intent to convey a tract abutting on the east line whether the preposition was "in," as here, or "on" or "along." This construction of intent seems most reasonable since the tract would have been useless for a school unless it was accessible. According to plaintiff's own pleading, Stowell owned the fee to the whole east ½ of the northeast ¼, and said land was alleged to have become hers by mesne conveyances unburdened by any encumbrance. The complaint thus nullifies the possibility of the existence of a right of way for ingress to and egress from the school tract. We think it the evident intention of the parties that the school tract was to abut on the east line.

The next question is whether the deed fixes a point in the east line from which to commence the metes and bounds description. The point of beginning is stated to be "63 rods from the northeast corner of said lot." Plaintiff contends that the word "lot" refers to the ½-acre lot. Obviously

that is impossible since the 1/2-acre is only 10 rods by 8 rods. A more reasonable construction is that the words "said lot" refer to the larger tract from which the 1/2-acre tract was being carved. This may be likened to the use of descriptive words of the parent tract such as "said 80" or "said 1/4 section." The absence of direction from the northeast corner leaves no problem. Since, as we interpret the deed, the school tract abuts on the east line, the point of beginning must necessarily be 63 rods south of the northeast corner of the larger tract.

What we have just said with respect to the Stowell deed applies equally to the trustees' deed. The deed to the defendants Rhoades describes the tract in accordance with our interpretation of the intention of the parties to the other two deeds.

It is true, as contended by plaintiff, that where a description contains a patent ambiguity or one which appears on the face of the instrument itself, the uncertainty in the description cannot be cured by extrinsic evidence. (*Weber* v. *Adler*, 311 Ill. 547; *Higinbotham* v. *Blair*, 308 Ill. 568.) As above indicated we find the description ascertainable from the deed; therefore no patent ambiguity exists.

The extrinsic evidence confirms our interpretation of the intention of the parties. The plaintiff, who lived in sight of the schoolhouse for many years and sent her children to school there, testified that it had been fenced she first knew it in 1913. No witness testified that the school tract in use over the years was located at any other place than as described in the Rhoades deed, nor was any evidence adduced that the location of the school was ever changed. A land surveyor testified that he was able to locate the tract from the deed and that he found its location to substantially coincide with the description in the last deed.

It is contended that since the facts were determined by the chancellor, they should not be reviewed here. The point

is without merit since the primary question is answered by the instruments and the pertinent facts are not disputed.

By amendment to the complaint, plaintiff seeks to have the Stowell deed construed as an easement. In support of her contention she relies upon railroad cases such as *Branch* v. *Central Trust Co.* 320 Ill. 432, and cases of eminent domain including *Miner* v. *Yantis,* 410 Ill. 401. None of such cases are applicable here.

The title acquired by the school authorities was by a deed with full covenants of warranty. The estate conveyed was a base or determinable fee because it might continue forever. (*Carlsen* v. *Carter,* 377 Ill. 484.) No present or vested interest was left in the grantor or his heirs. All that remained was an expectancy which might never come into being. It was at most a naked possibility of reverter. *Dees* v. *Cheuvronts,* 240 Ill. 486; *North* v. *Graham,* 235 Ill. 178.

Section 4 of the Reverter Act (Ill. Rev. Stat. 1955, chap. 30, par. 37e) became effective July 21, 1947. It provided that possibilities of reverter, where the condition had not been broken, should not be valid for a longer period than 50 years from the date of its creation. It is undisputed that the abandonment in this case occurred in 1953, long after the expiration of the 50-year period. The Reverter Act was held to be constitutional by this court in the case of *Trustees of Schools* v. *Batdorf,* 6 Ill.2d 486. Therefore, any possibility of reverter which may have been created by the 1858 deed from Stowell has been extinguished by statute.

The defendants raise other defenses, some of which are meritorious, but they need not be considered in view of our holding herein. They are entitled to reformatory relief prayed in their counterclaim.

The decree of the circuit court of Henry County is reversed and the cause is remanded with directions to enter

a decree dismissing the complaint, granting the relief prayed for in the counterclaim and taxing the costs to the plaintiff. *Reversed and remanded, with directions.*