BRUCE D. CHEADLE *et al.*, Plaintiffs-Appellants, *v.* COUNTY BOARD OF SCHOOL TRUSTEES OF WILL COUNTY *et al.*, Defendants-Appellees.

(No. 73-206; )

Third District—June 21, 1974.

Saxon, Niznik & Peterson, of Plainfield (John E. Peterson, of counsel), for appellants.

Thomas R. Wilson, of Joliet, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Will County, Illinois, granting the motion to dismiss filed by the defendants, the County Board of School Trustees of Will County, Boyd R. Bucher, its ex-officio secretary, and the Board of Education of Lockport Grade School District No. 91, and dismissing the complaint of various citizens

and taxpayers of the City of Lockport, Illinois, who had substituted themselves for the original plaintiff, the City of Lockport.

The complaint which the City had filed sought a declaratory judgment establishing the City's rights in property known as the Lockport Public Square, a block of land in the center of the City of Lockport on which a school building was located, and an injunction restraining the defendants from selling the property.

The case was brought to us before, when the present plaintiffs appealed from an order which denied their motion for substitution. In our earlier opinion (*City of Lockport v. County Board of School Trustees,* 2 Ill.App.3d 970) we described the legal proceedings which had theretofore taken place; upheld the right of these plaintiffs to substitute themselves for the City of Lockport; stated some of the background facts in the controversy; considered and rejected the argument that the plaintiffs were estopped from asserting the rights claimed by the City because of long acquiescence and delay in questioning the rights of the defendants to the Lockport Public Square; expressed no opinion on the merits of the dispute over legal title to the property; remanded the case to permit the plaintiffs to seek to protect what they contended was a public trust; and dismissed the appeal in a companion case filed by the same plaintiffs on the basis that it had become surplusage in view of our disposition of this case.

The challenged complaint alleges that the commissioners of the Illinois and Michigan Canal dedicated the property for public use by signing, acknowledging, and recording a plat of the Town of Lockport in the year 1837; that the property was thereafter used by the residents of Lockport as a public square; that in 1857 the Village Trustees of the Village of Lockport granted a petition for the privilege of building a school house on the property; that subsequently the property was used both for school purposes and as a public gathering place and a place for recreation; that the people of the Village of Lockport, now the City of Lockport, have continued to use and have never abandoned their use of the property for public purposes; that no action has ever been taken to vacate the plat; that by quit-claim deed recorded in 1960 the property was conveyed by the Department of Public Works and Buildings of the State of Illinois to Lockport Grade School District No. 91; and that the County Board of School Trustees, pursuant to the request of Lockport Grade School District No. 91, proposes to sell the property to private persons, firms, or corporations.

The motion to dismiss states that the State of Illinois did not have statutory authority to dedicate canal lands for public purposes in 1837 nor at any time prior to 1947; that the Commissioners of the Illinois and

Michigan Canal did not have such authority in 1837; that the Canal Commissioners did not have title then nor prior to 1845; that the rights claimed by the City are barred by the Illinois Marketable Title Act (Ill. Rev. Stat. 1973, ch. 83, secs. 12.1—12.4); that the dedication was for school purposes, as shown by the use afterwards made of the property; that the City is estopped because it collected special assessments on the property from the Grade School Board of Education; that the rights the City claims are barred by section 4 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, sec. 4); that the City's rights are also barred by the Reverter Act (Ill. Rev. Stat. 1973, ch. 30, secs. 37b—37h); that the plat was a common law rather than a statutory plat because of defects it contained, and left title to the Lockport Public Square in the State of Illinois, which conveyed it ultimately to the School District; and that suit is barred by the dismissal of the companion case involving the same issues.

■■ We believe it must be held that the early Federal and State legislation granting authority to sell and convey canal lands gave authority by implication to dedicate property such as the Lockport Public Square for public use. The Illinois Supreme Court on this point has said: "The dedication of such public grounds, as well as the dedication of streets, can be justified on the theory that the canal authorities were thereby enabled to obtain for lots and blocks to which, at the time of the dedication, they retained title, a greater aggregate price than they could have obtained for such lots and blocks, together with the property dedicated, had no dedication been made, so that, in fact, the intent of the Congress of the United States, as evidenced by the act of March 2, 1827, was given effect." (*People v. Chicago & N.W. Ry. Co.*, 239 Ill. 42, 66.) The canal authorities likewise must have had title, under the statutes, to the public grounds dedicated if they had title to the lots and blocks they were selling.

■ ■ Furthermore, we believe it must be held that the plat made by the Canal commissioners had the same effect as a statutory plat, regardless of whether it conformed in every respect with the plat act then in effect, and conveyed title to the Lockport Public Square to the City. This is required by *Ryerson v. City of Chicago*, 247 Ill. 185, wherein the Illinois Supreme Court recognized that ordinarily a very slight failure to conform to the statute would prevent the fee in streets from vesting in a municipality, and then stated, at page 191: "The *Rumsey case [City of Chicago v. Rumsey*, 87 Ill. 348] has, however, been cited with approval in many subsequent decisions, and has been regarded as holding that plats made by the canal commissioners have the same effect as statutory plats under the statute of 1833. That decision has become a rule of property which has been relied on for many years and which we should not

now disregard." The plat therefore vested legal title in the City in trust for the use of the public for the purpose of a public square. *Union Coal Co. v. City of LaSalle*, 136 Ill. 119, 127.

It appears that the dedication was not for school purposes, as the defendants claim, because the general public made use of the Lockport Public Square from the time of its dedication, the complaint alleges, and it was not until 1857 that a school was erected on the square, after permission was sought and obtained from the trustees of the Village of Lockport.

■ ■ The defendants place reliance on the Marketable Title Act, claiming that they and their grantor, the State of Illinois, have held title more than 40 years, and that the claim of the plaintiffs arose more than 40 years before the commencement of this action. Since title to the square had passed to the City of Lockport, the deed given by the State of Illinois in 1960 was a "wild deed." The State had at most a possibility of reverter (*People v. Chicago & N.W. Ry. Co.*, 239 Ill. 42, 56), which was inalienable at common law (*North v. Graham*, 235 Ill. 178) and by statute (Ill. Rev. Stat. 1973, ch. 30, sec. 37b). It has been held that a title founded on a "wild deed" cannot have the benefit of the Illinois Marketable Title Act. *Exchange National Bank v. Lawndale National Bank*, 41 Ill.2d 316.

■ ■■ The defendants rely also on section 4 of the Limitations Act, which deals with titles acquired from the State of Illinois or the United States. This section, however, applies only to "lands * * * of which any person may be possessed by actual residence thereon for seven successive years." The expression "actual residence" as it is used in this statute has been construed to mean something distinct from and in addition to "possession" (*Manternach v. Studt*, 230 Ill. 356, 365; *Woodward v. Blanchard*, 16 Ill. 424, 431), requiring that a dwelling and curtilage be situated on some portion of the premises. (*Wharton v. Bunting*, 73 Ill. 16, 19.) It does not appear that the defendants, or any one of them, actually resided on the Lockport Public Square.

The defendants also claim the benefit of the Illinois Reverter Act. They argue that if they owned only a determinable fee, by reason of having acquired from the Village Trustees the right to occupy the premises only so long as the site was used for school purposes, the City would have retained only a possibility of reverter, which by this time would be invalid under the provisions of the Reverter Act. However, it appears that the Village Trustees granted a petition but did not execute any conveyance of title on special limitation, and so the defendants did not acquire a fee simple determinable or any other estate in the land which could receive protection under the terms of this Act. Compare *Blackert v.*

*Dugosh,* 12 Ill.2d 171, 175; *Trustees of Schools v. Batdorf,* 6 Ill.2d 486.

■■ The argument is advanced that the City's having collected special assessments from the Grade School Board estops the plaintiffs from contending that the defendants are not the owners of the property assessed. We believe this argument is adequately met by the treatment of estoppel in our previous opinion, wherein we cited *Melin v. Community Consolidated School District,* 312 Ill. 376, for what must be shown to apply this doctrine. We believe it is clear also, from what we said in our earlier opinion, that the dismissal of the companion case between the same parties cannot be considered conclusive of any issues now raised in this case, since no issues were actually determined by our disposition of the companion case. See 46 Am. Jur. 2d *Judgments* § 419.

■■ Other points are raised in the briefs which were not presented to the trial court in the defendants' motion to dismiss and need not be considered on review. (*Senese v. City of Chicago,* 88 Ill.App.2d 178, 181.) We find that the complaint was sufficient and the motion to dismiss should not have been granted. The order of the Circuit Court of Will County dismissing the complaint is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SCOTT, P. J., and ALLOY, J., concur.