THE CITY OF URBANA *et al.*, Plaintiffs-Appellants, *v.* SOLO CUP COMPANY *et al.*, Defendants-Appellees.

Fourth District   No. 14985

Opinion filed December 6, 1978.—Rehearing denied January 2, 1979.

Hatch & Baker, of Champaign, for appellants Norfolk and Western Railway and Consolidated Rail Corporation.

Kenneth N. Beth, City Attorney, of Urbana, for appellant City of Urbana.

Richard T. West, of Follmer, West, Erdmann & Clem, of Champaign, for appellees.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

On July 9, 1976, plaintiffs, City of Urbana, Illinois, Norfolk and Western Railway Company, and Consolidated Rail Corporation, filed a complaint against the defendants, Solo Cup Company and Exchange National Bank of Chicago, Illinois, requesting the court to declare the validity of a recorded easement dated July 20, 1956, from the Magnavox

Company to the Peoria and Eastern Railway Company in Urbana, Illinois. Exchange National Bank of Chicago received the tract of land subject to the easement in question as trustee under a trust agreement dated January 21, 1972. Solo Cup Company is a tenant on the land in question under a leasehold arrangement with the Exchange National Bank of Chicago as trustee. Consolidated Rail Corporation is successor to the property and assets of the Peoria and Eastern Railway Company. The City of Urbana and Norfolk and Western Railway have entered into an agreement with Consolidated Rail Corporation for the construction of railroad track across the easement.

The grant in the easement provided "for the location, construction, maintenance, repair, renewal, operation and use of a railway track and for all railroad purposes" over the described easement. Following the description, the easement also states: "Provided, however, that in the event the land above described or any portion thereof shall cease to be used for railroad purposes, the same or any such portion shall revert to said Grantor, its successors and assigns forever."

Following a bench trial, the court found that the estate created by the easement grant was a determinable easement, that the railroad had ceased to use the easement for railroad purposes, and that the easement was consequently invalid.

Essentially two issues are raised upon review: (1) Whether the estate created by the easement grant was a determinable easement, and (2) whether the plaintiff railroad had ceased to use the land granted in the easement for railroad purposes so as to invoke the reverter clause in the deed.

■■ In the instant case, the language in the deed created a determinable estate since the grant specifically provided that in the event the land ceased to be used for railroad purposes, it would revert to the grantor. Similar language has been held to create a determinable estate. (*Pure Oil Co. v. Miller-McFarland Drilling Co.* (1941), 376 Ill. 486, 34 N.E.2d 854; *North v. Graham* (1908), 235 Ill. 178, 85 N.E. 267.) Although the language in the easement, "Provided, however," might otherwise indicate that this was an easement subject to a condition subsequent, that indication is dispelled by the fact that there is no language in that provision whereby the grantor may enter and terminate the estate conveyed.

■■ The evidence presented at trial clearly shows that the land subject to the easement had never been used for railroad purposes. Thus, the trial court was justified in finding that the plaintiffs had ceased to use the easement and that the land reverted to the grantor's successors in interest by operation of law. A reviewing court will not disturb the decision of the trial court unless it is manifestly against the weight of the evidence. (*Agate*

*v. Krozka* (1977), 51 Ill. App. 3d 126, 132, 366 N.E.2d 458.) Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

MILLS and CRAVEN, JJ., concur.