HERBERT L. MAHRENHOLZ *et al.*, Plaintiffs-Appellants, *v.* COUNTY BOARD OF SCHOOL TRUSTEES OF LAWRENCE COUNTY *et al.*, Defendants-Appellees.

Fifth District    No. 70-239

Opinion filed January 29, 1981.—Rehearing denied March 4, 1981.

Roscoe D. Cunningham, and Wanda Ellen Wakefield, of Lawrenceville, for appellants.

John F. Borden, of Gosnell, Benecki, Borden & Enloe, Ltd., of Lawrenceville, for appellee Board of Education, Community Unit School District #20.

William Strange, State's Attorney, of Lawrenceville, for appellee Board of School Trustees of Lawrence County, Illinois.

Mr. JUSTICE JONES delivered the opinion of the court:

This case involves an action to quiet title to real property located in Lawrence County, Illinois. Its resolution depends on the judicial construction of language in a conveyance of that property. The case is before us on the pleadings, plaintiffs' third amended complaint having been dismissed by a final order. The pertinent facts are taken from the pleadings.

On March 18, 1941, W. E. and Jennie Hutton executed a warranty deed in which they conveyed certain land, to be known here as the Hutton School grounds, to the trustees of School District No. 1, the predecessors of the defendants in this action. The deed provided that "this land to be used for school purpose only; otherwise to revert to Grantors herein." W. E. Hutton died intestate on July 18, 1951, and Jennie Hutton died intestate on February 18, 1969. The Huttons left as their only legal heir their son Harry E. Hutton.

The property conveyed by the Huttons became the site of the Hutton School. Community Unit School District No. 20 succeeded to the grantee of the deed and held classes in the building constructed upon the land until May 30, 1973. After that date, children were transported to classes held at other facilities operated by the District. The District has used the property since then for storage purposes only.

Earl and Madeline Jacqmain executed a warranty deed on October 9, 1959, conveying to the plaintiffs over 390 acres of land in Lawrence County and which included the 40-acre tract from which the Hutton School grounds were taken. When and from whom the Jacqmains acquired the land is not shown and is of no consequence in this appeal. The deed from the Jacqmains to the plaintiffs excepted the Hutton School grounds, but purported to convey the disputed future interest, with the following language:

"Also, except the following tract of land which was on the 18th day of March, 1951, by the said grantors [*sic*] conveyed to the Trustees of Schools of District No. One (1) of the Town of Allison, in the County of Lawrence and State of Illinois, and described as follows: [legal description] and containing one and one-half (1½) acres, more or less; Reversionary interest to Grantees; * * *."

On May 7, 1977, Harry E. Hutton, son and sole heir of W. E. and Jennie Hutton, conveyed to the plaintiffs all of his interest in the Hutton School land. This document was filed in the recorder's office of Lawrence County on September 7, 1977. On September 6, 1977, Harry Hutton disclaimed his interest in the property in favor of the defendants. The disclaimer was in the form of a written document entitled "Disclaimer and Release." It contained the legal description of the Hutton School grounds and recited that Harry E. Hutton disclaimed and released any possibility of reverter or right of entry for condition broken, or other similar interest, in favor of the County Board of School Trustees for Lawrence County, Illinois, successor to the Trustees of School District No. 1 of Lawrence County, Illinois. The document further recited that it was made for the purpose of releasing and extinguishing any right Harry E. Hutton may have had in the "interest retained by W. E. Hutton and Jennie Hutton * * * in that deed to the Trustees of School District No. 1, Lawrence County, Illinois dated March 18, 1941, and filed on the same date * * *." The disclaimer was filed in the recorder's office of Lawrence County on October 4, 1977.

The plaintiffs filed a complaint in the circuit court of Lawrence County on April 9, 1974, in which they sought to quiet title to the school property in themselves, by virtue of the interests acquired from the Jacqmains. This complaint was amended but later dismissed on defendants' motion.

A second amended complaint was filed on September 7, 1977. This alleged that the plaintiffs owned the property through the conveyance from Harry Hutton. The defendants moved to dismiss this complaint because (1) the plaintiffs did not meet the equitable requirements which would entitle them to have title quieted in them, and (2) Harry Hutton had no interest in the school property, as he never acted to re-enter it. The second amended complaint was dismissed on August 17, 1978, by an order which did not specify the reasons for the decision.

The plaintiffs filed a third amended complaint on September 13, 1978. This complaint recited the interests acquired from the Jacqmains and from Harry Hutton. On March 21, 1979, the trial court entered an order dismissing this complaint. In the order the court found that the

"[W]arranty deed dated March 18, 1941, from W.E. Hutton and

Jennie Hutton to the Trustees of School District No. 1, conveying land here concerned, created a fee simple subject to a condition subsequent followed by the right of entry for condition broken, rather than a determinable fee followed by a possibility of reverter."

Plaintiffs have perfected an appeal to this court.

The basic issue presented by this appeal is whether the trial court correctly concluded that the plaintiffs could not have acquired any interest in the school property from the Jacqmains or from Harry Hutton. Resolution of this issue must turn upon the legal interpretation of the language contained in the March 18, 1941, deed from W. E. and Jennie Hutton to the Trustees of School District No. 1:

"this land to be used for school purpose only; otherwise to revert to Grantors herein."

In addition to the legal effect of this language we must consider the alienability of the interest created and the effect of subsequent deeds.

■■ The parties appear to be in agreement that the 1941 deed from the Huttons conveyed a defeasible fee simple estate to the grantee, and gave rise to a future interest in the grantors (see Restatement of Property §153 (1936)), and that it did not convey a fee simple absolute, subject to a covenant. The fact that provision was made for forfeiture of the estate conveyed should the land cease to be used for school purposes suggests that this view is correct. *Dunne v. Minsor* (1924), 312 Ill. 333, 143 N.E. 842; *Newton v. Village of Glen Ellyn* (1940), 374 Ill. 50, 27 N.E.2d 821; Restatement of Property §§44, 45 (1936).

■■ The future interest remaining in this grantor or his estate can only be a possibility of reverter or a right of re-entry for condition broken. As neither interest may be transferred by will nor by *inter vivos* conveyance (Ill. Rev. Stat. 1979, ch. 30, par. 37b), and as the land was being used for school purposes in 1959 when the Jacqmains transferred their interest in the school property to the plaintiffs, the trial court correctly ruled that the plaintiffs could not have acquired any interest in that property from the Jacqmains by the deed of October 9, 1959.

Consequently this court must determine whether the plaintiffs could have acquired an interest in the Hutton School grounds from Harry Hutton. The resolution of this issue depends on the construction of the language of the 1941 deed of the Huttons to the school district. As urged by the defendants, and as the trial court found, that deed conveyed a fee simple subject to a condition subsequent, followed by a right of re-entry for condition broken. As argued by the plaintiffs, on the other hand, the deed conveyed a fee simple determinable followed by a possibility of reverter. In either case, the grantor and his heirs retain an interest in the property which may become possessory if the condition is broken. We

emphasize here that although section 1 of "An Act relating to Rights of Entry or Re-entry for breach of condition subsequent and possibilities of reverter" effective July 21, 1947 (Ill. Rev. Stat. 1979, ch. 30, par. 37b) provides that rights of re-entry for condition broken and possibilities of reverter are neither alienable nor devisable, they are inheritable. (*Deverick v. Bline* (1949), 404 Ill. 302, 89 N.E.2d 43.) The type of interest held governs the mode of reinvestment with title if reinvestment is to occur. If the grantor had a possibility of reverter, he or his heirs become the owner of the property by operation of law as soon as the condition is broken. If he has a right of re-entry for condition broken, he or his heirs become the owner of the property only after they act to retake the property.

It is alleged, and we must accept, that classes were last held in the Hutton School in 1973. Harry Hutton, sole heir of the grantors, did not act to legally retake the premises but instead conveyed his interest in that land to the plaintiffs in 1977. If Harry Hutton had only a naked right of re-entry for condition broken, then he could not be the owner of that property until he had legally re-entered the land. Since he took no steps for a legal re-entry, he had only a right of re-entry in 1977, and that right cannot be conveyed *inter vivos*. On the other hand, if Harry Hutton had a possibility of reverter in the property, then he owned the school property as soon as it ceased to be used for school purposes. Therefore, assuming (1) that cessation of classes constitutes "abandonment of school purposes" on the land, (2) that the conveyance from Harry Hutton to the plaintiffs was legally correct, and (3) that the conveyance was not pre-empted by Hutton's disclaimer in favor of the school district, the plaintiffs could have acquired an interest in the Hutton School grounds if Harry Hutton had inherited a possibility of reverter from his parents.

■■ The difference between a fee simple determinable (or determinable fee) and a fee simple subject to a condition subsequent, is solely a matter of judicial interpretation of the words of a grant. (*Pfeffer v. Lebanon Land Development Corp.* (1977), 46 Ill. App. 3d 186, 360 N.E.2d 1115.) As Blackstone explained, there is a fundamental theoretical difference between a conditional estate, such as a fee simple subject to a condition subsequent, and a limited estate, such as a fee simple determinable.

> "A distinction is however made between a *condition in deed* and a *limitation*, which Littleton denominates also a *condition in law*. For when an estate is so expressly confined and limited by the words of it's [*sic*] creation, that it cannot endure for any longer time than till the contingency happens upon which the estate is to fail, this is denominated a *limitation*: as when land is granted to a man, *so long as* he is parson of Dale, or *while* he continues unmarried, or *until* out of the rents and profits he shall have made 500 £. and the like. In such case the estate determines as soon as the contingency

happens, (when he ceases to be parson, marries a wife, or has received the 500£.) and the next subsequent estate, which depends upon such determination, becomes immediately vested, without any act to be done by him who is next in expectancy. But when an estate is, strictly speaking, upon *condition in deed* (as if granted expressly *upon condition* to be void upon the payment of 40£. by the grantor, or *so that* the grantee continues unmarried, or *provided* he goes to York, etc.) the law permits it to endure beyond the time when such contingency happens, unless the grantor or his heir or assigns take advantage of the breach of the condition, and make either an entry or a claim in order to avoid the estate." (Emphasis in original.) 2 W. Blackstone, Commentaries *155.

A fee simple determinable may be thought of as a limited grant, while a fee simple subject to a condition subsequent is an absolute grant to which a condition is appended. In other words, a grantor should give a fee simple determinable if he intends to give property for so long as it *is* needed for the purposes for which it is given and no longer, but he should employ a fee simple subject to a condition subsequent if he intends to compel compliance with a condition by penalty of a forfeiture. *School District No. 6 v. Russell* (1964), 156 Colo. 75, 396 P.2d 929.

Following Blackstone's examples, the Huttons would have created a fee simple determinable if they had allowed the school district to retain the property *so long as* or *while* it was used for school purposes, or *until* it ceased to be so used. Similarly, a fee simple subject to a condition subsequent would have arisen had the Huttons given the land *upon condition that* or *provided that* it be used for school purposes. In the 1941 deed, though the Huttons gave the land "to be used for school purpose only, otherwise to revert to Grantors herein," no words of temporal limitation, or terms of express condition, were used in the grant.

The plaintiffs argue that the word "only" should be construed as a limitation rather than a condition. The defendants respond that where ambiguous language is used in a deed, the courts of Illinois have expressed a constructional preference for a fee simple subject to a condition subsequent. (*Storke v. Penn Mutual Life Insurance Co.* (1945), 390 Ill. 619, 61 N.E.2d 552.) Both sides refer us to cases involving deeds which contain language analogous to the 1941 grant in this case.

We believe that a close analysis of the wording of the original grant shows that the grantors intended to create a fee simple determinable followed by a possibility of reverter. Here, the use of the word "only" immediately following the grant "for school purpose" demonstrates that the Huttons wanted to give the land to the school district only as long as it was needed and no longer. The language "this land to be used for school purpose only" is an example of a grant which contains a limitation within

the granting clause. It suggests a limited grant, rather than a full grant subject to a condition, and thus, both theoretically and linguistically, gives rise to a fee simple determinable.

The second relevant clause furnishes plaintiffs' position with additional support. It cannot be argued that the phrase "otherwise to revert to grantors herein" is inconsistent with a fee simple subject to a condition subsequent. Nor does the word "revert" automatically create a possibility of reverter. But, in combination with the preceding phrase, the provisions by which possession is returned to the grantors seem to trigger a mandatory return rather than a permissive return because it is not stated that the grantor "may" re-enter the land. See *City of Urbana v. Solo Cup Co.* (1979), 66 Ill. App. 3d 45, 383 N.E.2d 262.

The terms used in the 1941 deed, although imprecise, were designed to allow the property to be used for a single purpose, namely, for "school purpose." The Huttons intended to have the land back if it were ever used otherwise. Upon a grant of exclusive use followed by an express provision for reverter when that use ceases, courts and commentators have agreed that a fee simple determinable, rather than a fee simple subject to a condition subsequent, is created. (1 Simes & Smith, The Law of Future Interests §286, at 344 n.58 (2d ed. 1956).) Our own research has uncovered cases from other jurisdictions and sources in which language very similar to that in the Hutton deed has been held to create a fee simple determinable:

> "[A conveyance] 'for the use, intent and purpose of a site for a School House * * * [and] whenever the said School District removes the School House from said tract of land or whenever said School House ceases to be used as the Public School House * * * then the said Trust shall cease and determine and the said land shall revert to [the grantor and his heirs.]' " (*Consolidated School District v. Walter* (1954), 243 Minn. 159, 160, 66 N.W.2d 881, 882.)
>
> " '[I]t being absolutely understood that when said land ceases to be used for school purposes it is to revert to the above grantor, his heirs.' " (*United States v. 1119.15 Acres of Land* (E.D. Ill. 1942), 44 F. Supp. 449.)
>
> " 'That I, S.S. Gray (Widower), for and in consideration of the sum of Donation to Wheeler School District to be used by said Wheeler Special School District for school and church purposes and to revert to me should school and church be discontinued or moved.' " (*Williams v. Kirby School District No. 32* (1944), 207 Ark. 458, 461, 181 S.W.2d 488, 490.)
>
> "It is understood and agreed that if the above described land is abandoned by the said second parties and not used for school purposes then the above described land reverts to the party of the

first part." (*School District No. 6 v. Russell* (1964), 156 Colo. 75, 76, 396 P.2d 929, 930.)

"[T]o B and C [trustees of a school district] and their heirs and successors for school purposes and to revert to the grantor when it ceases to be so used." Restatement of Property §44, comment *l*, illustration 17V (1936).

Thus, authority from this State and others indicates that the grant in the Hutton deed did in fact create a fee simple determinable. We are not persuaded by the cases cited by the defendants for the terms of conveyance in those cases distinguish them from the facts presented here.

In *Board of Education v. Trustees of the First Baptist Church* (1872), 63 Ill. 204, the deed provided that the property was to be used for church purposes only, but when it ceased to be so used, the trustees were to pay the grantor $200, and the grantees would then have an absolute title. This is certainly no authority for this case because no interest in the land beyond the receipt of $200 was created in the grantor.

The deed in *Sherman v. Town of Jefferson* (1916), 274 Ill. 294, 295-96, 113 N.E. 624, 625, stated,

" 'This conveyance is made, understood and agreed by and between the parties hereto upon the express condition that the premises conveyed shall be occupied, used and enjoyed for town purposes only, and upon ceasing to be so used and enjoyed by the said party of the second part, in whole or in any part thereof, the conveyance above becomes and remains absolutely void and of no longer force, effect or obligation as against the said party of the first part, his heirs and assigns.' "

This conveyance may be distinguished from the Hutton deed because the reversion clause in *Sherman* provided that the grant would, upon breach of condition, be void only against the grantor. This unusual language is merely another way to state that the grantee may retain possession until the grantor re-enters the property.

The estate created in *Latham v. Illinois Central R.R. Co.* (1912), 253 Ill. 93, 97 N.E. 254, was held to be a fee simple subject to a condition subsequent. Land was conveyed to a railroad in return for the railroad's agreement to erect and maintain a passenger depot and a freight depot on the premises. The deed was made to the grantee, " 'their successors and assigns forever, for the uses and purposes hereinafter mentioned, and for none other.' " (253 Ill. 93, 96.) Those purposes were limited to " 'railroad purposes only.' " (253 Ill. 93, 96.) The deed provided "that in case of non-user of said premises so conveyed for the uses and purposes aforesaid, that then and in that case the title to said premises shall revert back to [the grantors], their heirs, executors, administrators and assigns.' " (253 Ill. 93, 96-97.) The property was granted to the railroad to have and hold

forever, " 'subject, nevertheless, to all the conditions, covenants, agreements and limitations in this deed expressed.' " (253 Ill. 93, 97.) The estate in *Latham* may be distinguished from that created here in that the former was a grant "forever" which was subjected to certain use restrictions while the Hutton deed gave the property to the school district only as long as it could use it.

In *Northwestern University v. Wesley Memorial Hospital* (1919), 290 Ill. 205, 207, 125 N.E. 13, a conveyance was "made upon the express condition that said Wesley Hospital, the grantee herein, shall erect a hospital building on said lot * * * and that on the failure of said Wesley Hospital to carry out these conditions the title shall revert to Northwestern University." This language cannot be interpreted as creating anything but a fee simple subject to a condition subsequent, and the court so held.

The defendants also direct our attention to the case of *McElvain v. Dorris* (1921), 298 Ill. 377, 131 N.E. 608. There, land was sold subject to the following condition: "This tract of land is to be used for mill purposes, and if not used for mill purposes the title reverts back to the former owner." (298 Ill. 377, 378.) When the mill was abandoned, the heirs of the grantor brought suit in ejectment and were successful. The Supreme Court of Illinois did not mention the possibility that the quoted words could have created a fee simple determinable but instead stated,

> "Annexed to the grant there was a condition subsequent, by a breach of which there would be a right of re-entry by the grantor or her heirs at law. [Citations.] A breach of the condition in such a case does not, of itself, determine the estate, but an entry, or some act equivalent thereto, is necessary to revest the estate, and bringing a suit in ejectment is equivalent to such re-entry." (298 Ill. 377, 379.)

It is urged by the defendants that *McElvain v. Dorris* stands for the proposition that the quoted language in the deed creates a fee simple subject to a condition subsequent. We must agree with the defendants that the grant in *McElvain* is strikingly similar to that in this case. However, the opinion in *McElvain* is ambiguous in several respects. First, that portion of the opinion which states that "Annexed to the grant there was a condition subsequent * * *" may refer to the provision quoted above, or it may refer to another provision not reproduced in that opinion. Second, even if the court's reference is to the quoted language, the holding may reflect only the court's acceptance of the parties' construction of the grant. (A similar procedure was followed in *Trustees of Schools v. Batdorf* (1955), 6 Ill. 2d 486, 130 N.E.2d 111, as noted by defendants.) After all, as an action in ejectment was brought in *McElvain*, the difference between a fee simple determinable and a fee simple subject to a condition subsequent would have no practical effect and the court did not discuss it.

To the extent that *McElvain* holds that the quoted language establishes a fee simple subject to a condition subsequent, it is contrary to the weight of Illinois and American authority. A more appropriate case with which to resolve the problem presented here is *North v. Graham* (1908), 235 Ill. 178, 85 N.E. 267. Land was conveyed to trustees of a church under a deed which stated that "said tract of land above described to revert to the party of the first part whenever it ceases to be used or occupied for a meeting house or church." Following an extended discussion of determinable fees, the court concluded that such an estate is legal in Illinois and that the language of the deed did in fact create that estate.

■■ *North v. Graham*, like this case, falls somewhere between those cases in which appears the classic language used to create a fee simple determinable and that used to create a fee simple subject to a condition subsequent. The language used classically to create a fee simple determinable is "so long as it is used for * * *," as may be seen in *Blackert v. Dugosh* (1957), 12 Ill. 2d 171, 145 N.E.2d 606; *Carlsen v. Carter* (1941), 377 Ill. 484, 36 N.E.2d 740; *Pure Oil Co. v. Miller-McFarland Drilling Co.* (1941), 376 Ill. 486, 34 N.E.2d 854; *Regular Predestinarian Baptist Church v. Parker* (1940), 373 Ill. 607, 27 N.E.2d 522; *Dees v. Cheuvronts* (1909), 240 Ill. 486, 88 N.E. 1011; *Danaj v. Anest* (1979), 77 Ill. App. 3d 533, 396 N.E.2d 95.

The language used typically to create a fee simple subject to a condition subsequent is, variously, " 'provided it be used for * * *' " (*O'Donnell v. Robson* (1909), 239 Ill. 634, 636, 88 N.E. 175); " 'that in case of breach in these covenants * * * said premises shall immediately revert * * *' " (*Storke v. Penn Mutual Life Insurance Co.* (1945), 390 Ill. 619, 621, 61 N.E.2d 552); " 'and if this agreement is broken, said land shall revert * * *' " (*Wakefield v. VanTassel* (1903), 202 Ill. 41, 42, 66 N.E. 830, *writ of error dismissed* (1904), 192 U.S. 601, 48 L. Ed. 583, 24 S. Ct. 850); " '[i]n the event the [grantee] shall fail to perform * * * all the above requirements and conditions, all the lands * * * shall revert * * *' " (*Gray v. Chicago, Milwaukee & St. Paul Ry. Co.* (1901), 189 Ill. 400, 404, 59 N.E. 950).

Although the word "whenever" is used in the *North v. Graham* deed, it is not found in a granting clause, but in a reverter clause. The court found this slightly unorthodox construction sufficient to create a fee simple determinable, and we believe that the word "only" placed in the granting clause of the Hutton deed brings this case under the rule of *North v. Graham*.

■■ ■ We hold, therefore, that the 1941 deed from W. E. and Jennie Hutton to the Trustees of School District No. 1 created a fee simple determinable in the trustees followed by a possibility of reverter in the Huttons and their heirs. Accordingly, the trial court erred in dismissing

plaintiffs' third amended complaint which followed its holding that the plaintiffs could not have acquired any interest in the Hutton School property from Harry Hutton. We must therefore reverse and remand this cause to the trial court for further proceedings.

We refrain from deciding the following issues: (1) whether the 1977 conveyance from Harry Hutton was legally sufficient to pass his interest in the school property to the plaintiffs, (2) whether Harry Hutton effectively disclaimed his interest in the property in favor of the defendants by virtue of his 1977 disclaimer, and (3) whether the defendants have ceased to use the Hutton School grounds for "school purposes." See *Ballantyne v. Nedrose Public School District No. 4* (N.D. 1970), 177 N.W.2d 551; *Craig v. Unknown Heirs* (Okla. 1961), 358 P.2d 835; *Putney v. School District No. 4* (1934), 215 Wis. 539, 255 N.W. 76.

Reversed and remanded.

KARNS and HARRISON, JJ., concur.