PUTNEY and another, Respondents, vs. SCHOOL DISTRICT No. 4 OF THE TOWN OF BROOKFIELD and others, Appellants.

*May 9—June 5, 1934.*

For the appellants there was a brief by *Salen & Brenner* of Waukesha, and oral argument by *Herman R. Salen.*

*Charles J. Weaver* of Milwaukee, for the respondents.

ROSENBERRY, C. J.   From the findings of fact which are sustained by the evidence, it appears that the defendant district used the premises as a location for its district school down to about 1930.   In that year it purchased a tract of land, three acres in extent, about one-quarter of a mile distant from the lands described in the complaint, and built thereon a new school building of a size and kind adequate for the needs of the district; that it took possession of the new building on January 1, 1931, removing from the old school building all of the school paraphernalia, furniture, and equipment with the exception of a few small articles of inconsequential value.

The court further found that by the purchase of the new site, the erection of an adequate school building thereon, and the removal from the old site to the new, the defendant district abandoned the premises involved.

It is strenuously argued here that under the doctrine of *Burrows v. Madison Park & P. D. Asso.* 177 Wis. 639, 189 N. W. 535, the premises were not in fact abandoned.   This argument is based upon the testimony of school officers to the effect that they did not intend to relinquish their interest in the property; that the building was being used for storage purposes, and that its use for playground purposes was contemplated; that the school district kept insurance upon the property.

The deed was quite apparently drawn by someone who had no knowledge of conveyancing.   While the language employed is not technical, if it does not mean that when the grantee ceased to use the premises for school purposes, it should revert to the grantee or his heirs, it means nothing.   It is the use to which the property is put, not the intention of the school officers, which governs.   If it were construed as defendants claim it should be, that is, that the property should be owned by the district as long as the district wanted it, the grant would be unconditional.

The question involved is clearly one of fact. The findings of the trial court being sustained by the evidence, the abandonment by the defendant worked a forfeiture of the estate of the defendant, and the court correctly awarded judgment in favor of the plaintiffs.

*By the Court.*—Judgment affirmed.