F. L. BALLANTYNE, Plaintiff and Respondent,

v.

NEDROSE PUBLIC SCHOOL DISTRICT NO. 4, WARD COUNTY, State of North Dakota, and All Other Persons Unknown, Their Unknown Heirs, Devisees, Legatees, Personal Representatives, or Successors in Interest, Claiming any Estate in or Lien or Encumbrance Upon the Property Described in the Complaint, Defendants,

and

Nedrose Public School District No. 4, Ward County, State of North Dakota, Defendant and Appellant.

Civ. No. 8638.

Supreme Court of North Dakota.

May 28, 1970.

Farhart & Rasmuson, Minot, for plaintiff and respondent.

Waldron & Kenner, Minot, for answering defendant and appellant Nedrose Public School District No. 4.

STRUTZ, Judge, on reassignment.

This is an action to quiet title to real estate described in the complaint. The de-fendant school district acquired the property in question by deed in 1910, which deed contained the following clause:

> "In the event that should the above described property be abandoned for school purposes at any future time, then the title to this property is to revert to T. F. Renwald or his heirs."

The defendant school district discontinued holding classes in the school building located on this property some ten years ago. It continued to use the school for storage of furniture, desks, and supplies. Since it was not being used for teaching purposes, the plaintiff, as pastor of the Reorganized Church of Jesus Christ of Latter Day Saints, approached the school board and requested that the school building be leased to his church for use as a place of worship. A rental agreement was reached between the parties, and the building was rented to the church at a monthly rental of twenty-five dollars. The school board continued to use the building as a place for storage of some of its personal property, however.

After approximately ten years of use by the church under such rental agreement, the plaintiff brought this action to quiet title to the property in himself. The record discloses that he had secured, during the year preceding the filing of his action, ten quitclaim deeds from the heirs of T. F. Renwald, the grantor named in the deed given to the defendant school district.

The defendant school district filed its answer in the action brought by the plaintiff and urged several defenses, among which are:

1. It asserted that there had been no abandonment of the property and that it still was being used for school purposes.

2. It alleged that the plaintiff, having personally and on behalf of his church rented the school building from the defendant school district for use as a worship center, the relation of landlord and tenant existed, and that the plaintiff, as represen-

tative of the tenant, was estopped to deny the landlord's title.

3. It set up the defense of champerty, and alleged that the plaintiff had purchased the quitclaim deeds to such real property from persons not in possession thereof, and that such purchase was illegal and champertous.

The trial court found that the school had not been used for conducting classes for a period of approximately ten years prior to the commencement of the action, and that there had been an abandonment of the property for school purposes; and that the plaintiff, having obtained quitclaim deeds from the heirs of T. F. Renwald, was the owner of the fee-simple title to the property. The court therefore ordered judgment to be entered, quieting title in the plaintiff. From the judgment so entered, the defendant school district has appealed to this court, demanding trial de novo and a complete review of the entire case.

The first issue for us to determine on this appeal is whether there has been an abandonment of the property "for school purposes" so as to result in a reverter to the grantor or his heirs under the clause found in the deed. It is not disputed that the school has not been used for teaching purposes for a period of approximately ten years. However, the plaintiff admitted on cross-examination that the defendant school district was using the property for storage of some of its personal property.

Does the discontinuance of the use of the school for teaching purposes constitute an abandonment of the property "for school purposes," even though the building still is being used for storage of school property?

We have found that a similar issue has been raised in several other jurisdictions. In the case of McCullough v. Swifton Consolidated School District, 202 Ark. 1074, 155 S.W.2d 353, the deed to the school dis-

trict provided that the property should be used for school purposes only. Thereafter, the school district was consolidated with another district, and the school building was torn down for the purpose of salvaging the material, part of which was to be used for the erection of a waiting station on the land in question for the use and comfort of children who rode the school bus to the new consolidated school. The court held that the land, when used for the purpose of a bus station for school children, had not been abandoned for school purposes.

In Board of Education of Appling County v. Hunter, 190 Ga. 767, 10 S.E.2d 749, the court held that the mere fact that the school board subsequently built a larger school on nearby land and permitted one or more of its teachers to occupy the original schoolhouse on the land, did not show an abandonment of the property for school purposes so as to cause a reverter under a reverter clause.

It also has been held that school land being used for parking purposes for the school district was being used for a "school purpose." In re School District of Pittsburgh, 430 Pa. 566, 244 A.2d 42.

And it has been held by the Wisconsin Supreme Court that where, due to availability of a new school through consolidation, the old school was not being used for purposes of conducting classes but was used for storage of equipment and as a park and playground for school children, there had been no abandonment of the property for school purposes. Koonz v. Joint School District No. 4, 256 Wis. 456, 41 N.W.2d 616.

We believe that the action of the school board in the case before us in using the old school building for storage of some of the school district's equipment and supplies evinces an intention to continue to use the school building and the land in question for "school purposes," and does not amount

to an abandonment so as to invoke the reverter clause in the deed.

Having determined that there was no abandonment of the property for school purposes, and that it still is being used for such purposes since it is used for storage of school property, it becomes unnecessary for us to consider on this appeal whether the plaintiff would be estopped from denying the title of the school district or whether the plaintiff's conduct in obtaining the quitclaim deeds for the purpose of asserting title to the property himself constituted champerty.

For reasons set forth in this opinion, the judgment of the district court is reversed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.